## Commonwealth v. Muller et ux.

*Charles H. Welles, 3d,* for Commonwealth.
*Karl Strohl,* for defendants.

HOBAN, J., March 2, 1938.—This is a motion to quash an indictment brought under the Act of April 24, 1913, P. L. 114. Defendants were arrested for violation of the act and arraigned before an alderman in the City of Scranton, at which time they waived a hearing. The al-

derman thereupon bound defendants over for the action of the grand jury, which in turn returned an indictment charging that defendants as the employer of one Romayne Gunther, "on other than an annual salary, unlawfully did fail to pay to the said Romayne Gunther her earnings and wages semi-monthly." But the transcript of the proceeding before the alderman shows that defendants have been the employers of the prosecutrix at a weekly salary of fifteen dollars per week, and failed to make payment of said wages, to an amount of eighty dollars.

We think the indictment is defective for two reasons: First, because the facts laid in the information and as testified to before the alderman do not bring the situation within the purview of the act; and, secondly, because the offense charged, if any, is one to be prosecuted by way of summary conviction and only heard in quarter sessions by way of appeal.

As to the first reason, the act clearly restricts its operation to cases where there is no stipulated period for the payment of wages in the contract of hiring. The operation of the act can be entirely avoided by prescribing in the contract of hiring for the payment of wages at intervals upon which the parties may agree. See Commonwealth v. Hause, 25 Del. Co. 429.

From the transcript it appears that the contract was for employment by the week. It necessarily follows that wages were to be due and payable weekly. This fact alone would take the case out of the statute. The mere fact that an employer fails to pay wages when they are due will not call the statute into operation: Commonwealth, ex rel., v. Lipschutz et al., 19 D. & C. 415. To hold otherwise would be to lend the aid of the courts to the collection of debts in the form of wage claims by the fear of prosecution, and the failure to pay wages when due is not yet a crime in Pennsylvania.

Section 2 of the act provides that upon violation of any of its provisions a defendant is guilty of a misdemeanor

and upon conviction thereof before any alderman, magistrate, or justice of the peace shall be sentenced to pay a fine not exceeding $100. The act provides no further penalty. We have been shown no case discussing the act or others similar to it where the procedure was other than by summary conviction, and we are of the opinion that the quarter sessions is without jurisdiction except by way of appeal. There should never have been an indictment for this offense.

Now, March 2, 1938, the rule to show cause why the indictment in the above-captioned case should not be quashed is made absolute.